IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS
III DIVISION

WHITLEY BATES AND SAMUEL SPEARS                                    PLAINTIFFS

FILED
2015 JUL 9 PM 4 08

V.                              CASE NO. CV 2015-495

~~~~ ME
CIRCUIT CLERK

RENT-A-CENTER, INC. d/b/a
RENT-A-CENTER HOT SPRINGS d/b/a
RAC STORE #00886                                                   DEFENDANTS

## COMPLAINT

COME NOW, Plaintiffs, **Whitley Bates and Samuel Spears**, by and through their counsel of record, Harold F. Cook and Whitney B. Murph, COOK LAW FIRM, P.A., and for their cause of action against Defendant **Rent-A-Center, Inc. d/b/a Rent-A-Center Hot Springs d/b/a RAC Store #00886** state as follows:

### I.
### JURISDICTION & VENUE

1.      This claim is brought pursuant to this Court's jurisdiction over negligence, as granted by *A.C.A. § 16-13-201*, and deceptive trade practices in violation of *A.C.A. § 4-88-107*. Plaintiffs have suffered losses and damages within the jurisdictional amount of this Court.

2.      Venue is proper pursuant to *A.C.A. § 16-60-112*, given that the incident complained of herein occurred in Garland County, Arkansas.

### II.
### PARTIES AND SERVICE

3.      At the time of the incident described further herein, Whitley Bates and Samuel Spears were residents of Garland County, Arkansas.

EXHIBIT
A
tabbies

4.      At all times relevant to this cause of action, and at the time of the incident described further herein, Defendant Rent-A-Center, Inc. d/b/a Rent-A-Center Hot Springs d/b/a RAC Store # 00886 (herein after "Rent-A-Center") was a foreign corporation registered to do business in the State of Arkansas, and can be served with process via its registered agent as follows:

<div align="center">

**The Corporation Company**
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

</div>

<div align="center">

**III.**
**STATEMENT OF FACTS**

</div>

5.      On or about April 28, 2015, Plaintiffs entered into a rent-to-own purchase agreement with Defendant Rent-A-Center for a bedroom suite consisting of a bed frame and a mattress, Model # BRM2000, Item # 0582400304;

6.      That, on or about May 1, 2015, Rent-A-Center delivered Plaintiffs' bedroom suite to Plaintiffs' home;

7.      That, on or about May 14, 2015, Plaintiff Bates began noticing unusual dark red, swollen rashes with dark dots in the center along her hands, arms, legs, and feet that caused her severe itching and burning;

8.      That, on or about June 12, 2015, Plaintiffs found a small, reddish-brown, flat, oval-shaped bug on the mattress they rented from Defendant Rent-A-Center, which they later identified to be a bed bug;

9.    That, upon further inspection, Plaintiffs found an infestation of bed bugs on the inter-folds of the mattress, in the crevices of wooden bed frame, on the curtain behind the bed, and in the carpet;

10.    That, as a result of the rapid infestation of bed bugs, Plaintiffs Bates and Spears, along with their infant child, were forced to evacuate their bedroom;

11.    That, as a result of the rapid infestation of bed bugs, both Plaintiffs and their minor child have been sleeping on a cramped, full-size air mattress on the floor of their living room of their home for well over a month;

12.    That, during the month of June, 2015, Plaintiff Bates went to her primary care physician who confirmed that the irritating, painful, inflamed and revolting rashes were indeed bed bug bites;

13.    That, on or about June 15, 2015, Plaintiffs contacted Defendant Rent-A-Center and alerted them of the bed bug infestation brought on by the delivery of Rent-A-Center's furniture into their home;

14.    That, on or about June 15, 2015, employees, agents, or servants of Defendant Rent-A-Center came to Plaintiffs' home removed the infested bedroom suite and loaded it onto a Rent-A-Center delivery truck, without wrapping or sanitizing the furniture pieces, and hauled the suite away from Plaintiffs home;

15.    That, despite Rent-A-Center's removal of the pest-ridden bedroom suite, the bed bug infestation already permeated Plaintiffs' home;

16.    That, on or about June 24, 2015, Rent-A-Center contacted Plaintiffs and attempted to have them to sign a "Settlement and Release Agreement;"

17.   That, in said Settlement and Release Agreement, Defendant Rent-A-Center agreed to cover the cost of treatment to remove the bed bugs from Plaintiffs' home including, but not limited to the following conditions:

    a)   Plaintiffs release all present claims against Defendant Rent-A-Center related, and unrelated to the bed bug infestation;

    b)   Plaintiffs release all past and future claims against Defendant Rent-A-Center related, and unrelated to the bed bug infestation;

    c)   Plaintiffs keep the facts of the bed bug infestation secret and confidential; and

    d)   Plaintiffs keep the facts of a Settlement Release secret and confidential.

18.   That, as a result of the severe degree of bites on Plaintiff Bates' body, she was prescribed multiple rounds of antibiotics, steroids, steroid shots, and creams to treat the horrific bites and scared tissue;

19.   That, despite the medical treatment of the bed beg bites, Plaintiff Bates will suffer humiliating permanent scarring on her hands, arms, legs, and feet that she will be forced to live with for the rest of her life;.

## IV.
## CAUSES OF ACTION

### COUNT 1: NEGLIGENCE

Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further assert for their cause of action the following particulars:

20. Defendant Rent-A-Center, on the dates of the incident forming the basis for this lawsuit, was the proprietor, owner, and operator of the Rent-A-Center store described herein;

21. Plaintiffs were customers of Defendant Rent-A-Center and as such, relied on Defendant to tender products of a certain quality, characteristic and grade;

22. Defendant Rent-A-Center breached its duty owed to Plaintiffs, by failing to use ordinary care and exercise reasonable diligence in properly inspecting, monitoring, and sanitizing its products for customers, including the bedroom suite rented by Plaintiffs, on the dates of the incident forming the basis of this lawsuit;

23. Defendant Rent-A-Center breached its duty owed to Plaintiffs, by failing to use ordinary care and reasonable diligence in properly inspection, monitoring, and sanitizing its products in order to avoid causing physical injury, severe emotional distress, and mental anguish to Plaintiffs on the dates of the incident forming the basis of this lawsuit;

24. Defendant Rent-A-Center knew or should have known by the exercise of reasonable care and diligence from a reasonably prudent person perspective, that a failure to take the necessary steps to inspect, monitor, and sanitize Plaintiffs' bedroom suite prior to rental would foreseeably result in the type of harm suffered by Plaintiffs;

25. Upon information and belief, the negligent, careless, and reckless acts and omissions of Defendant Rent-A-Center consisted of one or more of the following, to wit:

a. Failing to follow generally accepted industry standards and practices for the care and custody of furniture;

b.  Failing to exercise proper care and control in accordance with generally accepted industry standards and practices in the handling of Plaintiffs' bedroom suite;

c.  Failing to inspect and proactively treat the furniture for bed bugs prior to the furniture being rented to a new customer;

d.  Failing to maintain proper standards, practices, and policies to assure that the locations where the furniture sold and leased to their customers were kept prior to delivery are free of bed bug infestation;

26.  Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant Rent-A-Center, taken separately and/or collectively, constitute a direct and proximate cause of the damages suffered by Plaintiffs, as set forth herein;

27.  The negligence of known and unknown employees, agents, and servants of Defendant Rent-A-Center for failing to use reasonable care to prevent injury to Plaintiffs taken separately and/or collectively, constitute a direct and proximate cause of the damages suffered by Plaintiffs, is imputed to Defendant Rent-A-Center as they were acting within the scope of their employment, and the *doctrine of respondeat superior* is invoked.

## COUNT II:

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF A.C.A. § 4-88-107 BY DEFENDANT RENT-A-CENTER, INC. d/b/a HOT SPRINGS RENT-A-CENTER d/b/a RAC STORE #00886

Plaintiffs hereby incorporate by reference, all previous paragraphs as if fully set forth herein and further assert for their cause of action the following particulars:

Plaintiffs' Original Complaint
*Bates & Spears v. Rent-A-Center*
Page 6 of 10

28.     Defendant Rent-A-Center knowingly made false representations that its furniture and merchandise were of a particular standard, grade and quality;

29.     Defendant Rent-A-Center failed to disclose information concerning the standard, grade or quality of furniture and merchandise which was known at the time of the transaction, and such failure to disclose was made with the intent to induce Plaintiffs into a purchase of the product, goods, or service;

30.     Defendant Rent-A-Center breached express and implied warranties made to Plaintiffs by engaging in unconscionable, false, and deceptive acts in business, commerce, or trade;

31.     Defendant Rent-A-Center acted unconscionably by taking advantage of Plaintiffs' lack of knowledge, ability, and experience to an unfair degree in the purchase of goods and products; and

32.     Defendant Rent-A-Center's unconscionable acts resulted in gross disparity between the value of industry accepted standard and quality of goods and products received by the Plaintiffs, and the consideration given.

## V.
## DAMAGES

33.     Defendants had actual, subjective awareness of the risk involved with their willful, wanton, and outrageous conduct, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiffs.

34.     Therefore, as a direct and proximate result of the incident made the basis of this lawsuit, Plaintiffs have sustained damages and manifested physical injury and symptoms including, but not limited to, the following:

      a.     Severe dark red, swollen bites on her hands, arms, legs, and feet;

      b.     Severe itching and burning of her hands, arms, legs, and feet;

      c.     Permanent scarring from the bites on her hands, arms, legs, and feet;

      d.     Humiliation;

      e.     Mental anguish in the past

      f.     Mental anguish in the future;

      g.     Severe emotional distress in the past;

      h.     Severe emotional distress in the future;

      i.     Failure of consideration;

      j.     Anxiety;

      k.     Apprehension;

      l.     Fear; and

      m.     Worry

35.     By reason of the aforementioned, Plaintiffs has suffered losses and damages in an undetermined sum to be proven at trial.

# VI.
## EXEMPLARY DAMAGES

36.     Defendant Rent-A-Center had knowledge that injury would result from their willful, wanton, and conscious indifference to the consequences of their acts and omissions, and

said conduct involved an intentional disregard of the known risk of the consequences, such as those suffered by Plaintiffs;

37.     Defendant Rent-A-Center had actual, subjective awareness of the risks involved in intentionally disregarding the dangerous known acts and omissions, and that their conduct involved an intentional disregard of the known consequences, such as those suffered by Plaintiffs;

38.     Defendant Rent-A-Center knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damages and that they continued such conduct with malice or in reckless disregard of the consequences from which malice may be inferred;

35.     Therefore, as a result of Defendant Rent-A-Center's wanton, grossly negligent and consciously indifferent conduct, Plaintiffs are seeking exemplary damages to be determined at trial.

## VII.
## JURY DEMAND

39.     Plaintiffs respectfully demand a trial by jury.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant; that Plaintiffs be awarded post-judgment interest at the maximum rate allowable by law; that Plaintiffs be awarded costs of court, expenses, and attorney fees; and that Plaintiffs be granted all other legal and equitable relief to which they may be entitled.

Plaintiffs' Original Complaint
*Bates & Spears v. Rent-A-Center*
Page 9 of 10

Respectfully submitted,

**COOK LAW FIRM, P.A.**
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116

Harold F. Cook, AR Bar No. 99118
Whitney B. Murph, AR Bar No. 14155

Plaintiffs' Original Complaint
*Bates & Spears v. Rent-A-Center*
Page **10** of **10**